JS-6

1
2
3
4
5
6
7
8

9  UNITED STATES DISTRICT COURT
10  CENTRAL DISTRICT OF CALIFORNIA
11  WESTERN DIVISION

| | |
|---|---|
| In re AFTERMARKET AUTOMOTIVE LIGHTING PRODUCTS ANTITRUST LITIGATION | No. MDL 09-2007-GW(PJWx) |
| | Member Case: |
| | **SACV 08-1158-GW(PJWx)** |
| | FINAL JUDGMENT ORDER AS TO TYC BROTHER INDUSTRIAL CO. LTD. AND GENERA CORPORATION. |
| | Date:           May 5, 2014<br>Time:           8:30 a.m.<br>Courtroom:   10<br>HON. GEORGE H. WU |

FINAL JUDGMENT ORDER AS TO TYC BROTHER
INDUSTRIAL CO. LTD. AND GENERA CORP.

1 On January 9, 2014, the Court entered an Order Granting Preliminary Approval of the Proposed Settlements with Defendants TYC Brother Industrial Co. Ltd. and Genera Corporation.[1] Dkt. No. 817 ("Preliminary Approval Order"). That Preliminary Approval Order specified the manner in which Garden City Group, Inc. (the "Claims Administrator") was to provide Class Notice to the Settlement Class.

Within ten (10) days of the filing of the Preliminary Approval Motion, TYC complied with the requirements of 28 U.S.C. §1715(b) by serving the appropriate documents and other information on the appropriate state and Federal officials.

Following the dissemination of Class Notice and Election Form, Class members were given an opportunity to comment or object to the Settlement Agreement and/or to Class Counsel's request for fees and expenses. A Fairness Hearing was held on May 5, 2014, at which time all interested persons were given a full opportunity to state any objections to the Settlement Agreement. The Fairness Hearing was more than 90 days after TYC provided notice as required by 28 U.S.C. §1715(d) and 101 days after the Class was provided Notice pursuant to ¶¶6-8 of the Preliminary Approval Order.

Having read and fully considered the terms of the Settlement Agreement with TYC (attached as Exhibit A to Dkt. 811-2)[2], and all submissions made in connection with them, and the Motion for an Award of Attorneys' Fees and Expenses (Dkt. No. 825), the Court finds that that there is no just reason for delay, and therefore expressly directs the entry of Final Judgment as to TYC. The Settlement Agreement should be finally approved and TYC dismissed with prejudice as to all Class Members who have not excluded themselves from the Class.

---

[1] TYC Brother Industrial Co. Ltd. and General Corporation are collectively referred to herein as "TYC."

[2] All capitalized terms used in this Order have the meaning as defined in the Settlement Agreement, which are incorporated herein by reference.

1
FINAL JUDGMENT ORDER AS TO TYC BROTHER
INDUSTRIAL CO. LTD. AND GENERA CORP.

IT IS HEREBY ORDERED that:

1. The Court hereby approves the terms of the Settlement Agreement as fair, reasonable, and adequate as it applies to the Class, and directs consummation of all its terms and provisions.

2. The Settlement Agreement shall be binding on TYC and all Plaintiffs, including all members of the Class pursuant to the Settlement Agreement.

3. The Court dismisses on the merits and with prejudice the Amended Consolidated Class Action Complaint as to TYC.  Upon the Effective Date, Settling Plaintiffs (the "Releasors") shall be deemed to have, and by operation of the Final Order and Judgment shall have, released, acquitted and forever discharged from any and all claims, demands, actions, suits, causes of action, whether class, individual, or otherwise in nature (whether or not any Settling Plaintiff has objected to the Settlement or makes a claim or participates in the Settlement Fund), whether directly, representatively, derivatively or in any other capacity that Releasors, or each of them, ever had, now has, or hereafter can, shall, or may have on account of, related to, or in any way arising out of or relating in any way to Releasees (or any of them) concerning the pricing, production, development, or sale of Aftermarket Automotive Lighting Products during the period from July 29, 2001 to February 10, 2009, as alleged in the Amended Consolidated Class Action Complaint.  All members of the Class who did not duly request exclusion from the Class in the time and manner provided for in the Notice of Class Certification, Proposed Action Settlement with Certain Defendants and Final Approval Hearing, mailed by the Class Administrator via first class mail on November 22, 2011 (Dkt. No. 440-2, ¶5), are hereby barred, permanently enjoined, and restrained from commencing or prosecuting any action, suit, proceeding, claim, or cause of action in any jurisdiction or court against TYC or any of the other entities or persons who are to be discharged as noticed above, based upon, relating to, or arising

2
FINAL JUDGMENT ORDER AS TO TYC BROTHER
INDUSTRIAL CO. LTD. AND GENERA CORP.

out of, any of the matters which are discharged and released pursuant to the Settlement Agreement.

4. If the Settlement Agreement becomes null and void pursuant to the terms of the Settlement Agreement, this Final Order and Judgment shall be deemed vacated and shall have no force or effect whatsoever.

5. Having reviewed the unopposed Motion for an Award of Attorneys' Fees and Expenses and all documents filed in relation thereto, to which no entity objected, the Court concludes that an amount equal to 30% of the Settlement Fund, $7,500,000, shall be awarded to Co-Lead Counsel for fees related to the prosecution of this action and $1,403,112.08 shall be awarded as reimbursement for actual expenses incurred by Co-Lead Counsel, which were not reimbursed from prior settlements. The Court adopts the Proposed Judgment and finds that Co-Lead Counsel have expended substantial and skilled time and efforts in an efficient manner to bring this action to conclusion. These efforts included, but were not limited to, engaging in lengthy and independent factual investigation and informal discovery, lengthy formal discovery of both parties and non-parties, interviewing witnesses, preparing for and conducting depositions both domestically and abroad, briefing numerous motions, obtaining class certification and engaging in numerous arms-length settlement discussions and meetings, including mediation, with TYC, preparing for trial, and posturing the case for an efficient and substantial recovery for the Class. Additionally, the Court finds that this award is commensurate with the level of skill displayed by Co-Lead Counsel throughout the prosecution of this action. And finally, the Court finds that this award is appropriate in light of the contingent nature of Co-Lead Counsel's fees and reimbursement of their expenses and the risk associated with these types of cases. Given all these factors, and after a review of the complete record, the Court finds the amount awarded to be reasonable and fair.

1  6. Pursuant to the Settlement Agreement and Plan of Administration and Distribution, out-of pocket expenses incurred by Counsel in the amount of $1,403,112.08 shall be reimbursed from the first Settlement Fund installment payment and the attorneys' fees shall distributed in equal shares from the three (3) Settlement Fund installments. Within ten (10) business days of this Order, the escrow officer is directed to wire transfer the first share of the $7,500,000 fee award, which is $4,050,000 in attorneys' fees, and out-of pocket expenses incurred by Counsel in the amount of $1,403,112.08 to a bank account identified by Co-Lead Counsel.

7. Within ten (10) business days of the receipt of the second installment of $6,900,000, due on or before December 31, 2014, the escrow officer is directed to wire transfer the second share of the $7,500,000 attorney fee award, or $2,070,000 to a bank account identified by Co-Lead Counsel.

8. Within ten (10) business days of the receipt of the second installment of $4,600,000, due on or before December 31, 2015, the escrow officer is directed to wire transfer the second share of the $7,500,000 attorney fee award, or $1,380,000 to a bank account identified by Co-Lead Counsel

9. Without affecting the finality of the Final Order and Judgment in any way, the Court reserves continuing and exclusive jurisdiction over the parties, including all Class members as defined above, and the execution, consummation, administration, and enforcement of the terms of the Settlement Agreement.

10. The Plan of Administration and Distribution, annexed as Exhibit B to the Declaration of Jason S. Hartley in Support of Plaintiffs' Motion for Preliminary Approval of Settlement with TYC Brother Industrial Co, Ltd and Genera Corporation., which was previously filed with the Court on December 16, 2013 (Dkt. No. 811-2), is hereby approved.

The Clerk is directed to enter this Final Order and Judgment forthwith.

DATED: May 14, 2014

_____
THE HONORABLE GEORGE H. WU
UNITED STATES DISTRICT JUDGE

Submitted by:

STUEVE SIEGEL HANSON LLP
Jason S. Hartley
Jason M. Lindner
550 West C Street, Suite 1750
San Diego, CA 92101
Telephone:(619) 400-5822
Facsimile:    (619) 400-5832

ROBBINS GELLER RUDMAN & DOWD, LLP
Bonny Sweeney
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 231-1058
Facsimile: (619) 231-7423

HAUSFELD LLP
Michael P. Lehmann
Arthur N. Bailey, Jr.
44 Montgomery Street, Suite 3400
San Francisco, CA 94104
Telephone: (415) 633-1908
Facsimile: (415) 358-4980

LABATON SUCHAROW LLP
Jay L. Himes
Matthew J. Perez
140 Broadway
New York, New York 10005
Telephone: (212) 907-0700
Facsimile: (212) 818-0477